Justice Gabe Graber, Justice O'Scanlan, and Justice Bee, good morning. I have two arguments with regard to the matter of dismissal. When the plaintiff waived a jury trial, the judge had no authority to refuse the plaintiff's waiver of a jury trial. A jury trial is solely the right of the parties to the trial, and the court cannot demand the parties have a jury trial. Did the defendant waive it? No. I wasn't asking defense counsel. Did the defendant waive jury trial? No, the defendant did not waive jury trial. He did not mention jury trial in his original response. Did the answer? No, not to my knowledge. The second argument, the failure of proper notice to the party's counsel of the court's OSC by arranging for a phone call to the party's counsel, a fax, or a demand, demanding of an appearance of counsel in the courtroom on March 6, 2012, was not proper notice and could not have been detectable on March 6. In addition, on March 6, Judy Rodriguez from my office brought to the judge Wright's dropbox in a sealed envelope all of the documents which had been electronically filed on March 5, 2012, but no one attempted to on March 7. Judge Wright, in his hearing of March 12, in spite of having a standing order for a bench trial when all documents are not provided on the required date of March 5, extended to March 6 the deadline, a 24-hour deadline, and insisted on dismissing the case when he had been divested of his authority to dismiss the case. All the documents were in his hands with the exception of the plaintiffs, jury instructions, and the jury instructions list by the plaintiff. Well, then, and also a joint pretrial statement, right? Joint pretrial statement had been filed. So all that was missing were the plaintiff's request of jury instructions and what else? The joint proposed jury instructions and the plaintiff's proposed jury instructions. So the defense had put in its proposed instructions? Yes. So presumably a lesser sanction would have been available to consider that the plaintiff had waived any objection to those jury instructions. That's right. So in his hearing he said the reason why he would reject a trial by jury, a bench trial, was I impanel the jury, I go to sleep. As excerpts from the We request the Ninth Circuit of Appeals reverse this dismissal. Now I'll go into the underlying argument. On March 12, Judge Otis Wright dismissed the case of LaMellie. Counsel? Yes. You're on appeal now. Yes. We're usually interested in your scope of review as to the actions of Judge Wright. Do we review this case de novo or do we review it for abuse of discretion? You review it as an abuse of discretion, but you have the right under, I believe, Henderson. Because he gave no explicit explanation as to why he was dismissing the case, he didn't entertain the five factors that are involved in the dismissal. The prejudice to the defendant, the strength of the case, the fact that it would have an impact upon his docketing, and the public's right to a case of this nature. The five factors are set out in my brief. And if he doesn't, and if Judge Wright didn't mention any one of the five factors or all of them, does that convert our ability to review to a de novo review? Yes, I believe it does under Henderson. Okay. So you have a right to review those factors. I have set those out in my brief, the five factors that are involved in a de novo review. Counsel, what troubles me with this case is that trial judges have a huge responsibility to keep cases moving. They have an enormous docket. They expect counsel to comply with the dates that are set. And in this situation, you knew on April 3rd, I'm sorry, March 16th, 2011, that you had a fixed trial date in March of 2012. In other words, you had a whole year. There were a number of deadlines along the way that were ignored, not the magistrate judge, by the defendant to help with discovery. Why shouldn't we recognize the role that the trial judge has here in maintaining the reasonable progression of these cases, that on the basis of the way this case was handled, that he did the right thing? Well, first off, I need to correct the record regarding his motion to him, or the defense motion to compel discovery. I objected to discovery in a deposition in which defense counsel asked my client's wife what position was used for intercourse with him. I objected that question. I went to court, and the magistrate judge agreed with me, and no questions with regard to the sexual conduct of the individuals was brought forward. I complied with every deadline involved in this case. I asked for more than 10 days to reply to the summary judgment motion that was granted. I complied with that. I have no record of me being admonished by the court regarding my failure to comply with any of its deadlines. Well, you're down to about a minute and a half. Why don't you reserve that time, and we'll hear whether your opposing counsel agrees with what you've just told us. He may see it from a different perspective. All right. Thank you. Thank you, counsel. Before you get started, a question. Did the defendant, in this case, at any time prior to dismissal, demand a jury? Your Honor, my understanding is that... Not that you're understanding, not I believe. Yes or no? Every case that I file an answer on, I demand a jury trial. Do you have a citation to the record of your demand of jury trial? And if so, give it to me. I reviewed my record here, Your Honor. I cannot find the document you're looking for in the short period of time that I have before you today. But I always and never have waived jury trial in this matter. I didn't ask whether you had waived jury trial. Concentrate your mind on my question. Did you file a written demand for jury trial at any time in this case? And if your answer is yes, give me the citation. If your answer is no, that is an acceptable answer. If your answer is I don't know, that's an acceptable answer. I don't know. All right. Counsel, for the record, would you please identify yourself? Forgive me. Joseph Langton, Principal Deputy County Counsel for the County of Los Angeles. Very well. You may proceed. Counsel, I have a question for you as well. Our law generally requires the use of lesser sanctions than dismissal, or at least the careful consideration of lesser sanctions than dismissal for failures of the kind that are alleged here. And it appears to me that pretty much everything was done here with the exception of the plaintiff's proposed jury instructions. Why wasn't the court required to either simply say, well, you've waived the right to object to the jury trial, or as it had said in its previous order, you've waived the right to a jury trial? Justice Graber, I have thought about your question extensively, and I frankly, Plaintiff's Counsel has not been candid with you in terms of what was filed on March 5th, 2012. Judge Wright's order, page 22, and, Your Honor, this is the excerpts of record that I am referring to. ER 22? Yes, sir. Number 317, in bold paragraph, caveat, if counsel failed to file the required pretrial documents or failed to appear at the pretrial conference and such failure is not otherwise satisfactorily explained to the court, A, the cause shall stand dismissed for failure to prosecute if such failure occurs on the part of the plaintiff. That doesn't take away from the fact that our cases require the consideration, the equitable consideration of lesser sanctions. And there's a, it seems to me that this is not a frivolous case, that there's, I see very little, if any, prejudice to the defendants in the proceeding, or at least at the time when this all was Justice Graber, again, I wish to, to further address your concerns. Plaintiff attorney, plaintiff attorney didn't file any documents, filed no documents on March 5th, 2012. I did, Your Honor. And I assumed the authoring of the documents and the filing of the documents, as my brief indicates, the only document that Mr. Smith filed was the plaintiff's memorandum of contentions in law. And I filed that on his behalf on March 5th, 2012. So when Mr. Smith indicates that all of these documents were filed, that is an absolutely incorrect. And Justice Graber, there Well, it doesn't sound incorrect. You said you filed them. He didn't, but that doesn't mean they weren't filed. So I'm not sure why that makes any difference in terms of the equitable considerations. Well, in terms of it was the plaintiff's responsibility to file these documents as he is prosecuting his case, it's very clear that They got filed. So regardless of who did it, they were filed. Furthermore, the issue of the joint jury instructions, Justice Graber, there were no joint jury instructions on March 5th, 2012. These were never I understand that. You had proposed jury instructions in, though, correct? Correct. So I go back to my question, why isn't the most obvious sanction for the failure to file the opposite proposed jury instructions simply, well, you're stuck without the opportunity to do that? You've lost your opportunity to propose jury instructions. Let's go to trial and be done with it. Isn't that the most obvious thing that ought to happen in that situation? I think what His Honor Wright was indicating, the obtuse fashion that Mr. Smith militated, the way that he approached Judge Wright was obtuse. He came in, and to quote Justice Wright, it was cavalier. His attitude was cavalier. And I think that the case But counsel, the rights that are being trammeled on, if they are at all, are not the rights of the lawyer. They're the rights of the client. And so it is, well, I just find it unhelpful to say, well, we can dismiss a case where there were obvious lesser sanctions available because the lawyer was, you know, disrespectful or obnoxious or whatever. I just, because it's not the lawyer's case. I agree. The issue is that when you have other considerations, Justice Graber, of the prejudice that inures to a defendant in this case So what would have been the prejudice to say, let's go to trial on time, just as we are, everybody's ready, except you don't get a chance to argue with the defense jury instructions. We're done with jury instructions. You didn't do it on time. You've waived your opportunity to do that. Let's go to trial. What would have been the prejudice to you? They would have used your instructions. Your Honor, that was never proposed to the parties in this case. And furthermore I know that. That's my problem exactly. The trial judge, it seems to me, should have at least considered and did not proceeding in that manner. Again, Your Honor, the sanctions that were addressed with plaintiff's attorney as brought up by Justice O'Scanlan earlier on, a year before, indicated that the case was to be dismissed if plaintiff failed to provide these issues. To further address Justice Graber, the prejudice But that's not quite complete, counsel. In the scheduling order, it said, at the end of it, failure of counsel to strictly follow the provisions of this section may subject the non-complying party and its attorney to sanctions and shall constitute a waiver of jury trial in all civil cases. So part of the scheduling order said if you don't get your instructions in, you're going to get a waiver of jury trial. And that's what Mr. Smith said. Let's go to trial with a judge. And then that's when Judge Wright commented that, as he did. I think, Your Honor, what, again, on the basis of what Justice Wright indicated, was that Mr. Smith was given two additional days to file these documents. And he didn't. And he did not. All right. So then one thing could be what Judge Graber, not Justice Graber, there's no justice on the Ninth Circuit. What Judge Graber suggested a moment ago, which was you proceed to trial with the defense jury instructions. You're not hurt by that. There's no prejudice to you there. That's a lesser sanction. Or you go to trial in front of the judge. If you haven't demanded a jury, and I don't see that you have, what's wrong with going to trial before Judge Wright? Your Honor, I always prefer going in front of trial with a jury. Then you should demand a jury. There's nothing to indicate that I didn't, Your Honor. There's nothing to indicate that you did. But also, the further issue, too, is that the prejudice when Judge Graber was indicated, the prejudice to me as well, is that to try to corral seven individual defendants in this matter, all of whom are sheriffs, deputy sheriffs. But you all knew the trial date, didn't you? Oh, agreed, Your Honor. But taking those individuals from, in terms of any type of delay that would have been inured, to try to get those individuals to trial based on a delay. There had been a delay. You go on with your defense instructions, or you go to trial before the judge. There's no delay. Same date. Mr. Smith would never have conceded, in the basis of his argument, would never have conceded to my jury instructions. He wouldn't have any choice. Well, Your Honor, again, that was never presented to the parties at all. But again, if we focus on the issues that are listed in case law, the requirements that the plaintiff present his case, and the obtuse fashion that Mr. Smith arrived in court on the date of the OSC, having given two additional days to present these documents, it simply wasn't done. And Judge Wright does have the authority to dismiss the case as the case law so provides. And it shall, and his decision should not be overturned, but for the issues that are addressed in the case law. Thank you, counsel. We'll hear from Mr. Smith. You have a little bit of rebuttal time. I did not have two days to respond to the OSC of March 6th. I had March 6th, 2012. That's been misstated by opposing counsel. The jury, the instructions were being filed by my opponent because he volunteered to do that. We worked together on these items. He didn't author them and then present them to me and say, I'm going to file these. We filed them because, we filed them jointly, and I took down to the court the next day via my clerk, sealed copy of all the instructions and all the documents that we had prepared together. So I don't, I doubt the authenticity of this statement. In addition, I had to go to my client and get a waiver of the jury trial. I couldn't just do it myself. I had to contact him. I requested the waiver, and in my hand I have his signed waiver. I presented it to the court. The court rejected it. So the statement that I didn't file any documents is untrue. I hesitate to get into the issue of is my attitude cavalier or not. If you look at the record, you will not find that there was any motions to compel a deposition. Motions to compel evidence, there was nothing of that nature. I was cooperative. I provided my clients for deposition. I provided the discovery that was demanded of me with that one exception. I don't see that I have an issue of being cavalier, and I believe, just like the court has said, this case should have gone forward with trial with a lesser sanction. Thank you, counsel. Your time has expired. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Bea